**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED CASUALTY AND SURETY INSURANCE COMPANY** | **CIVIL ACTION** |
| **v.** | **NO: 25-2066** |
| **ROAD HOME SOLUTIONS, LLC, ET AL.** | **SECTION: C (2)** |

**ORDER AND REASONS**

Before the court are: (1) the Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) (R. Doc. 9) filed by defendants, Road Home Solutions, LLC, Chisesi Investments, LLC, and Heather Calder, on January 9, 2026; and (2) the Motion to Set a Scheduling Conference and Order Defendants to Participate in a Rule 26(f) Conference (R. Doc. 12) filed by plaintiff, United Casualty and Surety Insurance Company, on May 27, 2026 is also before the court. Defendants' motion is **DENIED**. Plaintiff's motion is **GRANTED**.

## I. BACKGROUND

United Casualty sued defendants alleging the breach of an indemnity contract and damages.[1] United Casualty alleges it provides surety bonds, including payment and performance bonds on construction projects.[2] United Casualty entered an

[1] R. Doc. 1.
[2] *Id.* ¶ 7.

indemnity agreement with defendants while providing them performance and payment bonds.[3] Under the agreement, defendants are jointly and severally liable for all obligations owed to United Casualty.[4]

This dispute began in 2020 when defendants bid two construction projects for Emerald Forest Condominium Association.[5] Emerald Forest and defendants entered contracts in April and July 2020 to demolish and rebuild a building and to replace roofs in an apartment complex.[6] United Casualty issued payment and performance bonds for the two projects for $559,000 and $390,808.14, respectively.[7]

Following leaks in a building, Emerald Forest submitted claims on the surety bonds.[8] United Casualty denied Emerald's claims.[9] In November 2022, Emerald

---

[3] *Id.* ¶ 11.
[4] *Id.* ¶ 14.
[5] *Id.* ¶ 20.
[6] *Id.* ¶¶ 21–22.
[7] *Id.* ¶ 23.
[8] *Id.* ¶ 25.
[9] *Id.* ¶ 26.

Forest sued United Casualty and defendants in Louisiana state court alleging liability for defendants' deficient work.[10]

The parties entered arbitration, and the state court lawsuit was stayed.[11] Various condominium owners then sued Emerald Forest, United Casualty and defendants, among others, in this lawsuit.[12]

By letter dated September 16, 2025, United Casualty demanded indemnity from defendants of $138,123.66.[13] Defendants refused.[14] United Casualty contends each of the above legal proceedings is a "claim, demand, suit, action, proceeding or judgment arising under, involving or relating to any Bond" within the meaning of the indemnity agreement.[15] United Casualty has incurred expenses of $138,123.66 and expects those to increase.[16] United Casualty sued alleging the conditions precedent for the indemnity agreement were met and defendants are in breach.[17]

Defendants argue United Casualty fails to state a claim, contending (1) United Casualty did not adhere to the indemnity agreement, and (2) United Casualty has not

---

[10] *Id.* ¶¶ 27–28.
[11] *Id.* ¶ 29.
[12] *Id.* ¶ 32.
[13] *Id.* ¶¶ 37–38.
[14] *Id.* ¶ 39.
[15] *Id.* ¶ 33.
[16] *Id.* ¶¶ 34, 36. United Casualty breaks down its expense calculations as follows: "UCS incurred at least $161,093.66 in fees and expenses from undersigned counsel and $9,500.00 in fees to the AAA for the arbitration. UCS applied credits in the amount of $15,000.00 for attorney's fees recovered from Emerald Forest and $17,470.00 as an offset for unearned premium, resulting in a net amount of at least $138,123.66."
[17] *Id.* ¶¶ 40–41.

adequately supported its demand for attorney fees according to Louisiana Rules of Professional Conduct and binding precedent.[18]

## II. ANALYSIS

A Rule 12(b)(6) motion challenges the sufficiency of a plaintiff's allegations. A complaint, or any part of it, may be dismissed for failure to state a claim upon which relief may be granted if plaintiff fails to make factual allegations entitling him to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

To survive, a complaint must contain sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining whether a complaint states a plausible claim for relief is a context-specific task requiring the application of judicial experience and common sense. *Id.* at 679.

In evaluating a Rule 12(b)(6) motion, the court is generally confined to the pleadings and documents attached to the complaint. *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The court may also consider documents

[18] R. Doc. 9-1 at 1.

attached to the motion to dismiss or an opposition to that motion when those documents are referred to in the pleadings and are central to a plaintiff's claims. *Carter v. Target Corp*, 541 Fed. Appx. 413, 416 (5th Cir. 2013). The court "may also consider matters of which [it] may take judicial notice." *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996)).

Although detailed factual allegations are not required, a complaint must offer more than labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Iqbal*, 556 U.S. at 678. "The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (citation omitted). However, the court will not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions" as true. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed. *Twombly*, 550 U.S. at 555.

**A. Interpretation of the Indemnity Agreement**

Defendants rely on paragraph 2(C) of the indemnity agreement:

> In any claim or suit to enforce any of Surety's rights under this Agreement, a statement of Surety's losses, cost, and Expenses sworn to

> by an officer of Surety, or the other evidence of disbursement by Surety maintained in the ordinary course of business as Surety's paper or electronic business records and/or systems, shall be prima facie evidence of the fact and extent of liability hereunder of the Undersigned.[19]

Defendants argue the September 16, 2025 demand letter was not sworn by a United Casualty officer.[20] Thus, United Casualty violated its own contract, rendering its lawsuit fundamentally flawed.[21]

"Under Louisiana law, indemnity provisions are construed in accordance with general rules governing contract interpretation. When the terms of a contract are unambiguous and lead to no absurd consequences, we interpret them as a matter of law. On the other hand, ambiguity in the terms of a contract gives rise to a fact question concerning the intent of the parties." *Liberty Mutual Insurance Co. v. Pine Bluff Sand & Gravel Company, Inc.*, 89 F.3d 243, 246 (5th Cir. 1996) (citations omitted). In addition to the sworn statement, the indemnity agreement states a prima facia case can be made with "other evidence of disbursement by Surety maintained

---

[19] R. Doc. 1-2 at 1.
[20] R. Doc. 9-1 at 8.
[21] *Id.*

in the ordinary course of business as Surety's paper or electronic business records and/or systems".

United Casualty pled that its September 16, 2025 demand letter is prima facie evidence of defendants' liability. The court finds that sufficient to defeat the 12(b)(6) motion.

**B. Billing Judgment Rule**

Defendants also argue the September 16, 2025 demand letter contained no assertion that the "Billing Judgment Rule" was followed in calculating the requested attorney's fees.[22] The "Billing Judgment Rule" is a method of calculating damages. The calculation of damages, including the amount of attorney fees, is not properly addressed at this stage of the proceedings. *See Bradley v. Allstate Insurance Co.*, 620 F.3d 509, 522 (5th Cir. 2010) ("Where contested, the proper measure of actual loss, like the measure of recovery under the policy, is a question of fact.") (citations omitted).

The court declines to dismiss the case on these grounds.

## III. CONCLUSION

**IT IS ORDERED** that the Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) (R. Doc. 9) is **DENIED**.

[22] *Id.* at 9–12.

**IT IS FURTHER ORDERED** that the Motion to Set a Scheduling Conference and Order Defendants to Participate in a Rule 26(f) Conference (R. Doc. 12) is **GRANTED**. A scheduling conference to select a trial date and relevant pre-trial deadlines will be noticed.

New Orleans, Louisiana, this 21st day of October 2026

WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE